LOCKE LORD BISSELL & LIDDELL LLP
JASON SANDERS (022679)
jsanders@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

LOCKE LORD BISSELL & LIDDELL LLP
ROBERT T. MOWREY (pro hac vice application to be filed)
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

REILLY POZNER LLP
KENT C. MODESITT (pro hac vice application to be filed)
511 16th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Defendant Lehman Brothers Holdings Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC, <br><br> Plaintiff, <br><br> vs. <br><br> EAGLE HOME MORTGAGE, LLC, F/K/A EAGLE HOME MORTGAGE, INC. <br><br> Defendant. | CASE NO. _____ <br><br> COMPLAINT |

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI" or "Plaintiff") files its Complaint against Defendant Eagle Home Mortgage, LLC, F/K/A Eagle Home Mortgage, Inc. ("Eagle") as follows:

**NATURE OF ACTION**

1. Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Eagle pursuant to a Loan Purchase Agreement. LBB subsequently

1

assigned its rights under that contract to LBHI. With respect to certain of these mortgage loans, Eagle breached representations, warranties and covenants in the contract, and other provisions of the contract that require Eagle to repurchase from Lehman mortgage loans. By this action, LBHI seeks to: (a) compel Eagle, pursuant to the terms of the contract, to repurchase mortgage loans that Lehman purchased and (b) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

## PARTIES

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. Eagle is a Delaware limited liability company and upon information and belief all of its members are Washington citizens. Eagle may be served with process by serving its registered agent for service of process C T Corporation System at 2394 E. Camelback Rd. Phoenix, AZ 85016 or wherever else it may be found.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between LBHI and Eagle, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district.

## FACTUAL ALLEGATIONS

6. Eagle is a Delaware limited liability company which does business in Arizona and has an office in Scottsdale, Arizona.

7. Lehman engages in the purchase and sale of mortgage loans.

8. Eagle engaged in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

9. In October 2006, Eagle entered into written Loan Purchase Agreements with LBB including the Loan Purchase Agreement (Servicing Released Transactions) and the Loan Purchase

Agreement (Bulk Purchase/Servicing Released Transactions) (the "Agreements"). The Agreements specifically incorporate the terms and conditions of the Seller's Guide of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of Eagle.

10. The Agreements and the Seller's Guide set forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

11. Eagle sold a number of mortgage loans to Lehman under the Agreements and Seller's Guide, including the loans numbered 1-2 on Exhibit A, attached hereto and incorporated by reference.

12. Subsequent to such sales, LBB assigned all of its rights and remedies under the Agreements and Seller's Guide to LBHI.

**REPRESENTATIONS, WARRANTIES AND COVENANTS**

13. With respect to each of the loans sold to Lehman under the Agreements and Seller's Guide, Eagle made representations, gave warranties and covenants concerning the mortgage loans including, without limitation, the following:

(a) the validity of all mortgage loan documentation;

(b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c) occupancy by the borrower of the property securing the mortgage loan;

(d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

(e) the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

14. Eagle also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

15. With respect to itself, Eagle represented and/or warranted that it has the ability to perform its obligations under, and satisfy all requirements of, the Agreements and Seller's Guide.

16. With respect to certain mortgage loans purchased from Eagle, Lehman discovered material problems with those loans and that Eagle had breached representations, warranties and/or covenants under the Agreements and Seller's Guide concerning the mortgage loans, including but not limited to those set forth in paragraphs 13 and 14 above.

17. More specifically, with respect to loans numbered 1-2 on Exhibit A, Eagle breached one or more of the representations, warranties and/or covenants under the Agreements and Seller's Guide.

18. LBHI provided Eagle with written notice concerning Eagle's various breaches of the representations and warranties with respect to the loans referenced in paragraph 11 above.

19. The Agreements and Seller's Guide provide that in the event of a breach of the representations, warranties and/or covenants, LBHI or its agent may demand that Eagle repurchase the loans and Eagle shall repurchase the loans at a certain purchase price. LBHI demanded that Eagle repurchase the mortgage loans identified in paragraph 11 above at the specified repurchase price.

20. Eagle has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or otherwise to comply with its obligations under the Agreements and Seller's Guide with respect to the loans referenced in paragraph 11 above.

## EARLY PAYMENT DEFAULT

21. Pursuant to the terms and provisions of the Agreement and Seller's Guide, Eagle is required to repurchase at a specified price any mortgage loan that becomes an Early Payment Default loan.

22. A loan becomes an Early Payment Default under the Agreement and Seller's Guide in one of two ways. For loans prior-approved by the purchaser, the loan becomes an Early Payment Default if the borrower fails to make the first monthly payment due within 30 days of the payment's due date. For loans purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions, the loan becomes an Early Payment Default if the borrower fails to make the first or second monthly payment due within 30 days of each such monthly payment's respective due date.

23. The loans numbered 1 and 2 in Exhibit A became Early Payment Default loans because the borrower for the loans failed to make the first monthly payment due within thirty (30) days of its respective due date.

24. Eagle was provided notice that the loans became Early Payment Default loans and demand was made that Eagle repurchase these loans.

25. With respect to Early Payment Default loans, Eagle has failed and/or refused, and continues to fail and/or refuse, to repurchase these mortgage loans, to indemnify LBHI, or to otherwise comply with its obligations under the Agreements and Seller's Guide.

26. All conditions precedent to the Plaintiff's recovery have been performed, occurred, or waived.

## FIRST CLAIM FOR RELIEF

(Breach of Contract – Damages)

27. LBHI hereby repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

5

28. The Agreements and the Seller's Guide are valid and enforceable contracts that are binding upon Eagle.

29. Lehman, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreements and Seller's Guide.

30. As set forth herein, Eagle has breached the Agreements, Seller's Guide and other Separate Agreements by (a) breaching the representations, warranties, and/or covenants; (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties, and/or covenants, and/or refusing to indemnify Lehman; (c) refusing, and continuing to refuse, and/or otherwise failing to repurchase the mortgage loans which have become Early Payment Default loans; and (d) refusing, and continuing to refuse, and/or otherwise failing to indemnify and compensate LBHI for all losses, expenses, costs, and attorney fees associated with these loans where repurchase is not a viable option or does not provide complete relief for the damages sustained.

31. With regard to the mortgage loans that Eagle has failed to repurchase and/or provide indemnification, Eagle's breaches of the Agreements and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Specific Performance)

32. LBHI hereby repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

33. In the alternative, LBHI seeks specific performance.

34. The Agreements and the Seller's Guide constitute valid and enforceable contracts that are binding upon Eagle.

35. The contractual repurchase provisions are definite.

36. The Agreements and Seller's Guide are just and reasonable.

6

37. Lehman, Lehman's agents and any and all assignees have performed fully all of their obligations under the Agreements and Seller's Guide.

38. As set forth herein, Eagle has breached the respective Agreements and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, and (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached of the representations, warranties, and/or covenants.

39. Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate remedy at law for redress of Eagle's breaches of the representations, warranties, and/or covenants.

40. LBHI is therefore entitled to an Order of this Court requiring specific performance by Eagle of its repurchase obligations under the Agreements and Seller's Guide.

### THIRD CLAIM FOR RELIEF

(Breach of Express Warranty)

41. LBHI hereby repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. The Agreements and the Seller's Guide constitute valid and enforceable contracts that are binding upon Eagle.

43. With regard to each of the mortgage loans sold to Lehman under the Agreements and Seller's Guide, Eagle made a number of express warranties with respect to material facts concerning the loans as set forth in Paragraphs 13 and 14 above.

44. The express warranties contained in the Agreements and Seller's Guide were part of the basis of the bargain between Lehman and Eagle.

45. Eagle breached such express warranties for the loans numbered 1-2 on Exhibit A.

46. LBHI provided Eagle with timely written notice concerning Eagle's breaches of the express warranties.

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

47.     Eagle refused or failed to take adequate steps to remedy or to compensate Lehman for Eagle's breaches of the express warranties.

## **PRAYER FOR RELIEF**

WHEREFORE, LBHI respectfully requests that this Court enter judgment in its favor and against Eagle, as follows:

(a)     For all damages arising from or relating to Eagle's breaches of contract and breaches of express warranty, in an amount to be proven at trial;

(b)     For a decree of specific performance requiring Eagle to immediately repurchase all of the mortgage loans identified in Exhibit A pursuant to the Agreements and Seller's Guide;

(c)     For an Order of this Court declaring that:

(i)     Eagle is required to repurchase immediately from LBHI the mortgage loans identified in Exhibit A.

(ii)    Eagle is required to compensate Lehman immediately for all actual and consequential damages resulting from Eagle's breaches of the representations, warranties and/or covenants of the Agreements and Seller's Guide.

(d)     For recoverable interest;

(e)     For the costs and expenses of suit incurred by LBHI herein, including attorney fees and costs and expert witness fees; and

(f)     For such other relief as this Court deems just and proper.

| | |
|---|---|
| DATED: July 29, 2009 | LOCKE LORD BISSELL & LIDDELL LLP |
| | s/ *Jason L. Sanders* |
| | Jason L. Sanders |
| | 2200 Ross Avenue, Suite 2200 |
| | Dallas, Texas 75201 |
| | Attorney for Plaintiff Lehman Brothers Holdings Inc. |

# EXHIBIT A

|    | Loan Number | Claim Reason |
|----|-------------|--------------|
| 1. | ****0922    | FIRST PAYMENT DEFAULT |
| 2. | ****0864    | FIRST PAYMENT DEFAULT |

**Locke Lord Bissell & Liddell LLP**
**2200 Ross Avenue, Suite 2200**
**Dallas, Texas 75201-6776**